FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 02 2010

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CECILIO FERNANDEZ ESTRADA,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>PAT GLEBE,<br><br>　　　　　Respondent. | NO.  CV-10-072-JPH<br><br>ORDER STRIKING PREVIOUS DISMISSAL ORDER, ADOPTING REPORT AND RECOMMENDATION IN PART AND MODIFYING IT IN PART, AND DISMISSING PETITION WITHOUT PREJUDICE |

BEFORE THE COURT is Petitioner's Response to Report and Recommendation and Motion to Dismiss Without Prejudice or Motion for Leave to Amend and to Stay and Abey (Ct. Rec. 14). This action was dismissed in error by Order entered May 28, 2010. Accordingly, **IT IS ORDERED** that Order (Ct. Rec. 13) is **STRICKEN**.

On May 14, 2010, Magistrate Judge Hutton recommended dismissal of this action with prejudice as Mr. Estrada's claims were time-barred under 28 U.S.C. § 2244(d). Petitioner has indicated he agrees with the Magistrate Judge's recommendation, but requests this action be dismissed without prejudice. In the alternative, he seeks permission to amend his petition to state only an ineffective assistance of counsel claim, and then to stay the action and hold it in abeyance while he exhausts that claim in state court.

ORDER -- 1

A federal court, however, would only have authority to stay a petition containing exhausted claims. Because Mr. Estrada offers no exhausted claims at this time, the court cannot grant a request for a "stay and abeyance." *See Zarvela v. Artuz*, 254 F.3d 374, 382 (2nd Cir. 2001). Therefore, **IT IS ORDERED** Petitioner's alternative Motion for Leave to Amend and to Stay and Abey is **DENIED**.

Petitioner also asks this action be dismissed without prejudice to filing a new action once he has exhausted state court remedies. It is unclear at this time whether Mr. Estrada could present grounds to toll the limitations period on a future claim of ineffective assistance of counsel. In the event he is able to do so, he must continue to be mindful of the one year period of limitations set forth in 28 U.S.C. § 2244(d). Failure to timely file a federal habeas petition would be cause for dismissal.

Petitioner is advised the one year limitations period is not statutorily tolled during the pendency of a federal habeas petition, see *Duncan v. Walker*, 533 U.S. 167 (2001), and has continued to run while the present petition has been before this Court. Furthermore, although dismissal of this action according to Mr. Estrada's request may ostensibly be without prejudice, it might actually result in a dismissal *with prejudice* unless Petitioner could establish that at the time of dismissal he was entitled to equitable tolling. *See Ford v. Hubbard*, 330 F.3d 1086, 1101 (9th Cir. 2003).

Therefore, **IT IS ORDERED** the Report and Recommendation (Ct. Rec. 12) is **ADOPTED in part** and **MODIFIED in part** and the Petition is **DISMISSED without prejudice.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter

ORDER -- 2

this Order, enter judgment, forward a copy to Petitioner, and close the file. The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** this **1st** day of June 2010.

*/s/ Edward F. Shea*
EDWARD F. SHEA
United States District Judge

Q:\Civil\2010\10cv72jph-6-1-dis[1].wpd

ORDER -- 3